GREENE COUNTY *v.* PARAGOULD.

Opinion delivered November 10, 1924.

1. MUNICIPAL CORPORATIONS—ORDER FIXING BOUNDARIES—PARTIES.— In a proceeding in the county court, by a resident landowner and taxpayer, to fix the boundary line of a city, the city was a necessary party, and, though not joined, could appeal from the order of the county court therein, without moving in the county court to vacate the order and appealing from a denial of such motion.

2. ESTOPPEL—UNAUTHORIZED ACT OF OFFICER.—A governmental agency, such as a city, will not be estopped by the unauthorized acts of its officers, as by their recognizing the middle of a certain creek as the north boundary of the city, by working the streets to such line, by paying half of the expense of maintaining a bridge across the creek, and collecting taxes on lands up to the creek.

Appeal from Greene Circuit Court, First Division; *G. E. Keck,* Judge; affirmed.

*M. P. Huddleston,* for appellant.

1. No appeal will lie from *ex parte* proceedings and orders. 2 Cyc. 621, note; 2 Standard Enc. of Procedure, 158; 10 Am. & Eng. Ann. Cases, 38, note. One who is not a party to a suit is not entitled to appeal. 30 Ark. 578; 52 Ark. 99; 77 Ark. 586; 26 Ark. 461. The only method of reviewing the correctness of an *ex parte* order is by motion to vacate it, and, if that is denied, by appeal from the order of denial. 111 N. Y. S. 736; 2 Cent. Digest, "Appeal and Error," § 892.

2. The county court in 1906 had no power to make an order different from that voted for by the people and prayed for in the petition; it had no power to grant the petition in part only, and annex to the city of Paragould only a portion of the territory described in the petition. 54 Ark. 321. The circuit court therefore had no power to enter an order in the premises which the county court in the first instance had no power to make. On the other hand, it should have indulged the conclusive presumption that the county court, in 1906, entered a proper order in accordance with the petition, and should have excluded all evidence tending to show that a different order was in fact made. 55 Ark. 618.

3. The city of Paragould, after having recognized the center of Eight Mile Creek as the north line of the city by working the streets to said creek, by paying one-half of the expenses of building and maintaining the bridge across the same, and by levying and collecting taxes from the territory in dispute, for 15 consecutive years, is estopped from saying that such creek or ditch is not the north line of the city. 28 Cyc. 214, 215; 16 L. R. A. 178; 31 L. R. A. 186; 54 Ark. 372; 29 L. R. A. 455; 38 Ark. 81; 131 Ark. 453.

The rule announced in the case of *Hull* v. *Bledsoe,* 126 Ark. 125, has never been extended, and, under that rule, the circuit court on certiorari can hear no evidence

*dehors* the record, except for the purpose of possessing itself fully of the matter presented to the inferior tribunal—only such evidence being admissible as will show what evidence was heard by the inferior tribunal in order to determine whether or not it was legally sufficient to sustain the judgment rendered by that tribunal. On the appeal case, the question was not what order the county court *might* have made in 1906, but what order *was* made.        143 Ark. 543.

*Jeff Bratton,* for appellee.

A court is without power to make an order *nunc pro tunc* changing or revising a judgment formerly rendered. 23 Cyc. 843. If the order of the county court entered September 29, 1906, was improperly entered, the *nunc pro tunc* entry of the county court order of August 15, 1921, being the certified order of that court rendered in 1906, and recorded in the ordinance books of the city, and fixing and establishing the corporation line as now contended for by the city, is valid, and its entry of record was in compliance with the law. 23 Cyc. 46. That *nunc pro tunc* entry is conclusive against all persons. 15 R. C. L. 627. And cannot be disputed except in the manner provided by the statute, C. & M. Digest, § 6290. The *nunc pro tunc* entry of June, 1923, appears to have been made at the instance of a single petitioner, having no interest except as a taxpayer. Notice therefore should have been given both to the city and McDonald. 23 Cyc. 844; 15 R. C. L. 624. There is no merit in the contention that the city is estopped. It cannot be estopped by the unauthorized acts of its officials. 21 C. J. 1191-1194 inclusive; 24 S. W. (Ark.) 429.

HUMPHREYS, J. This case involves a controversy between Greene County and the city of Paragould as to the true location of the north boundary line of said city between certain points.

On the first Tuesday in April, 1906, an election was held in said city upon the annexation of certain adjoining territory, at which a majority voted for annexation. The petition for annexation, which was the basis for the

election, described a portion of the north boundary line as being in the center of Eight Mile Creek. Based upon the returns of the election, the mayor, recorder, and aldermen of said city filed a petition at some time in 1906, in the county court, to make the center of said creek a part of the north boundary line and to make the bridge across the creek on the Gainesville road a boundary line bridge. After the county court had adjourned to October, 1906, a vacation order was entered in the judgment record, showing that the court had considered the petition and annexed certain territory on the north to the center of North End Avenue, paralleling the Eight Mile Creek, but seven hundred feet south thereof. The petition of the city officials was presented to the county court at the October term, 1906. There appears in the ordinance book of the city a copy of the order of the county court refusing to fix the north boundary line in accordance with the petition, but establishing same as being in the center of North End Avenue. The digest of the ordinances of said city was made by authority of the city council, which designated the north boundary line of said city as being in the center of Eight Mile Creek. From 1916 until 1921 the city recognized the middle of said creek, between certain points, as the north boundary line of said city, by working the streets to the creek, by maintaining one-half the bridge, and by taxing the property to the creek for city purposes. On August 15, 1921, the city officials obtained an entry to be made in the judgment record book of the county, a *nunc pro tunc* order of a purported judgment rendered at the October term, 1906, of the county court, fixing the north boundary line of said city in the center of North End Avenue. On the first day of June, 1923, M. P. Huddleston, a resident owner of and taxpayer on real estate in and out of said city, obtained, in an *ex parte* proceedings in the county court, a *nunc pro tunc* order of a purported judgment rendered at the October term, 1906, of said court, fixing the boundary line as being in the center of Eight Mile Creek.

The city of Paragould took an appeal to the circuit court from the order of the county court entering the *nunc pro tunc* judgment on June 1, 1923, and also brought said *nunc pro tunc* order up to the circuit court on writ of certiorari for the purpose of quashing same. The county and others also brought the *nunc pro tunc* order of August 15, 1921, up to the circuit court for the purpose of quashing same. The three cases were consolidated and treated as one case in the circuit court, and submitted upon oral and documentary evidence, which resulted in a finding that the *nunc pro tunc* order of August 15, 1921, was entered through mistake, and, for that reason, was void; that the *nunc pro tunc* order entered on June 1, 1923, was erroneous, and should be corrected so as to make the center of North End Avenue the north boundary line of said city in that vicinity. Judgment was entered in accordance with the findings, from which an appeal and cross-appeal have been prosecuted to this court by the respective parties, in so far as the judgment was adverse to each.

Appellant's first contention for a reversal of the judgment is that the city of Paragould was not entitled to appeal from the *ex parte nunc pro tunc* order of date June 1, 1923, to the circuit court. It is argued that the city was not a party to the proceeding, and for that reason it was necessary to file a motion to vacate the order, and, if denied, to appeal from the order of denial. The answer to this method of proceeding is that the city was necessarily a party to an annexation order defining its boundary lines for the purpose of an appeal.

Appellant's next contention for a reversal of the judgment is that the county court could not have made an order in 1906 embracing a portion only of the territory described in the petition for annexation. If the county court was compelled to follow the description in the petition, and in fact did not do so, then, according to the contention of appellant, the order was void, and no territory was annexed at all. The effect of the contention of appellant would be to deprive it of a remedy by

*nunc pro tunc* order, for the court could not enter a different judgment by *nunc pro tunc* order from that originally rendered by it. Both appellant and appellee admit, in their briefs, that the county court had the power to enter a *nunc pro tunc* order in accordance with whatever judgment was rendered in 1906 relative to the boundary lines of the city of Paragould.

Appellant's next contention for a reversal of the judgment is that the city was estopped by the conduct of its officials in recognizing the center of Eight Mile Creek as the north boundary line by working the streets to the creek, and by paying one-half of the expense for maintaining the bridge across the creek, and by collecting taxes on the lands immediately south of said creek. The answer to this contention is that a governmental agency cannot be estopped by the unauthorized acts of its officers.

Appellant's next and last contention for a reversal of the judgment is that the evidence is not sufficient to support the finding of the court to the effect that at the October term, 1906, the county court adjudged that the north boundary line of the city was in the center of North End Avenue. The real question presented to the circuit court on appeal was what order the county court actually made as to the whereabouts of the north corporate line of the city in 1906. The court found that it was the center line of North End Avenue. The appeal to this court from the judgment of the circuit court can only be reviewed for error, and will not be tried *de novo*. Suffice it to say that there is substantial evidence in the record to the effect that the county court rendered a judgment in 1906 fixing the north boundary line more than 700 feet south of the center of Eight Mile Creek. There is both documentary and oral evidence in the record tending to show this fact.

No error appearing, the judgment is affirmed.